UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

                                       Case No. 09-14547

WILDERNESS CROSSINGS, LLC, dba Wild    Hon. Scott W. Dales
Pony Saloon,                                Chapter 7

         Debtor.

_____/

KELLY M. HAGAN, Trustee,

                                         Adversary Pro. No. 11-80417

         Plaintiff,

v.

CLASSIC PRODUCTS CORP.,

         Defendant.

_____/

OPINION AND ORDER
REGARDING MOTION FOR DEFAULT JUDGMENT

PRESENT:    HONORABLE SCOTT W. DALES
                    United States Bankruptcy Judge

This matter is before the court on the motion of Chapter 7 Trustee Kelly M. Hagan (the "Plaintiff") for entry of default judgment (the "Motion," DN 7). The court has reviewed the complaint, the Motion, and the docket and concludes that Plaintiff is entitled to the relief she seeks. Classic Products Corp. (the "Defendant") failed to answer the complaint, despite proper service of process, and the well-pleaded allegations support relief as requested.

The proposed order submitted with the Motion, however, grants relief only with respect to the avoidance count but not with respect to the count seeking recovery of the transfer under 11 U.S.C. § 550. Avoidance and recovery are distinct forms of relief, and

the court has determined based on the Defendant's default that the Plaintiff is entitled to relief on both counts. *See Suhar v. Burns (In re Burns)*, 322 F.3d 421, 427 (6th Cir. 2003) ("avoidance and recovery are distinct concepts and processes"); Fed. R. Civ. P. 8(b)(6) (effect of failure to deny allegation in complaint).   In addition, if the court were to sign the order as proposed, the order would not qualify as "final" because it would not resolve all issues in the case.  *See* Fed. R. Civ. P. 54(b).  Accordingly, the court will direct the Plaintiff to submit a judgment on the court's official form (B261B) which avoids the transfer described in the complaint and permits recovery in that amount.

The court is constrained to discuss the Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), because it implicates the court's authority to enter final judgment on this Motion.  Certainly, there is authority in our district holding that bankruptcy judges lack the constitutional authority to enter final judgments in avoidance and recovery actions under Chapter 5,[1]  and the court recently issued a "Report and Recommendation" rather than a default judgment in a preference action, based on concerns springing from *Stern*.  *See, e.g., Richardson v. BDSM Corp. (In re Tevilo Industries, Inc.)*, 2011 WL 4793343 (Bankr. W.D. Mich. Aug. 30, 2011).  With the benefit of case development and further reflection, however, the court is unwilling to automatically extend the *dicta* in *Stern* to default judgment motions under Chapter 5, particularly where the amount at issue is relatively small compared to transaction costs.

First, because 28 U.S.C. § 157 is not a jurisdictional statute, the court is not obligated to raise the issue itself. *Stern*, 131 S.Ct. at 2607 ("Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. . . .

---

[1] *See Meoli v. Huntington Nat'l Bank (In re Teleservices Group, Inc.)*, 2011 WL 3610050 (Bankr. W.D. Mich. Aug. 17, 2011) (reaching this conclusion in resolving a motion addressing the issue).

That allocation does not implicate questions of subject matter jurisdiction."). Instead, the statute requires the court to determine whether the matter is core or non-core. *See* 28 U.S.C. § 157(b)(3); LCivR. 83.2(b). Clearly, this adversary proceeding is "core" within the meaning of 28 U.S.C. § 157(b)(2)(F).

Second, the court believes that parties may waive *Stern*-based objections, because such objections do not challenge the court's subject matter jurisdiction. *Cf. Stern*, 131 S.Ct. at 2606-08.

Third, the Defendant admitted the Plaintiff's factual allegations by failing to answer them. Therefore, the court's only task on this Motion is to determine whether the well-pleaded factual allegations establish a right to relief under the law. As a practical matter, irrespective of whether the court enters a final judgment or proposed findings of fact, the standard of review (in the unlikely event of appeal) will be the same because in a default setting, the court is not resolving factual disputes — the facts are admitted. *See* Fed. R. Civ. P. 8(b)(6). The appellate court will review legal rulings *de novo* regardless of the form of the bankruptcy court's ruling. *Compare* Fed. R. Bankr. P. 8013 *with id.* 9033(d).[2]

Finally, there will be plenty of opportunities for the court to consider which of the Supreme Court's *dicta* in *Stern* to apply in truly contested proceedings,[3] and to make the

---

[2] For years the court has issued proposed findings in default settings involving a trustee's right to recover garden variety contract claims that become part of the bankruptcy estate under 11 U.S.C. § 541, despite the fact that the Federal Rules of Civil Procedure would arguably permit the Clerk to enter judgment for a sum certain without involving any judge, life-tenured or not. *See* Fed. R. Civ. P. 55(b)(1). That a bankruptcy judge plays a role in the process hardly seems improper, but such claims patently fall within the Supreme Court's holding in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), and read together, *Northern Pipeline* and *Stern* seem to suggest this procedure. *Stern*, 131 S. Ct. at 2619 ("We certainly cannot accept the dissent's notion that judges who have the power to enter final, binding orders are the 'functional [ ]' equivalent of 'law clerks[ ] and the Judiciary's administrative officials.'").

[3] For example, although the Supreme Court suggested that proceedings to "augment" the estate implicate Article III concerns, it also suggested that bankruptcy courts may have authority to resolve any issue that "stems from the bankruptcy itself." *Stern*, 131 S. Ct. at 2618; *compare id.* at 2614 (referring to actions that

decision with the benefit of advocacy on both sides.  Our common law tradition counsels in favor of hewing closely to the holdings of higher authority and although the multifarious rationales in *Stern* are quite broad, the holding is mercifully narrow. *See, e.g., In re Safety Harbor Resort and Spa*, 2011 WL 3849639 (Bankr. M.D. Fla. 2011) (noting the narrowness of *Stern's* holding and concluding that actions to recover preferential transfers remain core).

For the foregoing reasons, the court will enter a final judgment, which the Plaintiff shall prepare as directed herein.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 7) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff shall submit a form of judgment on the court's official form which (1) declares the transfers avoided and (2) awards monetary relief in the amount requested in the complaint, plus costs.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Kelly M. Hagan, Esq., Kevin M. Smith, Esq., and Classic Products Corp.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge
**Dated November 8, 2011**

---

seek to "augment" the estate).  Chapter 5 powers derive from the bankruptcy itself, and would not exist but for the federal statutory scheme, yet trustees routinely use them to augment the estate. *See* 11 U.S.C. § 541(a)(3) & (a)(4).